Thank you very much. May it please the court, Ron Freshman appearing on behalf of the appellant Cameron De Smidt. I think the issues that I want to point out first is, the first issue I'd like to point out that I think needs attention is the jurisdiction issue. There was no jurisdiction because the trustee, Barrett, is a California resident, so removal was improper. And the subsequent dismissal, also improper. What was the timing on it? So you sustained the dismissal, and is that when you then moved to remand after that? We actually tried to do the remand, and the court actually dismissed it before even hearing that remand. Was there an opposition filed at that point? I don't recall, Your Honor. Was the motion to remand just dismissed in connection with the dismissal of the entire case? Yes, it sure was. Okay, but there's no ruling on this below. Understood, but the whole case... Is that correct? I mean, there's not one. Not that I know of. The whole case was dismissed, and it was done prematurely. Did not even choose to hear the remand. But jurisdiction is something that can be raised in the first instance at any level, so it's not inappropriate for us to look at the jurisdictional issue. Can you just help me understand, if the district court had addressed the jurisdiction issue, would there be factual issues that could have been determined by the court? How would the district court have a better basis for forming an opinion on the joinder and the jurisdiction input than we do? Well, if the court actually looked at the joinder and saw that Barrett was, in fact, a California resident, that would be one fact that certainly should be looked at. If you look at Recon Trust, also a California resident who was not fraudulently joined, it was specifically sued for its acts as an officer of MERS. Please note, they paid $25 to get that official designation as an officer of MERS, and they created and filed false and misleading statements, Your Honor, into the public record. There was no diversity, period. So you have a California resident, Barrett, who essentially, intentionally and knowingly, violates the law, the law being the HBOR, okay, by recording bogus NOD and a bogus trustee's deed upon sale, full well-knowing, the nation's star wasn't the beneficial holder. So just help me one more time to understand how the district court might be in a better position to make the determination with respect to a potential fraudulent joinder than we are. And it sounds like what you were saying in response to my question the first time around was that there would be issues having to do with the, how bogus the, I guess bogacity is not a word, but is that sort of your answer, that that's what the district court would be delving into on a factual basis that would be more appropriate at that level than at this level? Well, they'd certainly look at the notice of default, and they'd look at the trustee's deed upon sale. They'd see in both of those that nation's star was named. That's a factual issue. Yeah, we did see that, too. I mean, that's evident. And, but the critical point is the HBOR requires that a property owner has a right to know who holds the interest in their debt or title. So, when the wrong, essentially, when the wrong entity forecloses, i.e. not the beneficial holder, that violates the homeowner's bill of rights. That's a fact that would have been looked into had the remand actually been looked at regarding this fraudulent joinder. What about, would there also be an inquiry into harm that might have befallen Ditchment as a result of that? Yeah, he was denied his constitutional right to be heard on the remand. The judge just went whack with a, essentially, you know, by the stroke of the pen, he, the judge prematurely dismissed the case. Okay, but. And, it had no jurisdiction to do so. How was Mr. Ditchment prejudiced by the fact that nation's star was listed as the, as the owner in the blank that the statute provides? Well, again, I don't mean to be repetitive, but the homeowner's bill of rights says the person who holds the beneficial interest needs to be identified. And, looking at this clear on its face, Your Honors, that didn't happen. But, is there, would there be any evidence that Mr. Ditchment tried to contact nation's star and find out what steps he could take? I know he disputes that Fannie Mae was the actual beneficial holder of the note, but was there any attempt to call the servicer and find out what steps might be taken or who else he could contact? Well, I want to correct something. Fannie Mae was the beneficial holder. What was concealed was that nation's star was the beneficial holder as improperly, shall we say, proffered by nation's star. Nation's star proffered something through the means of Barrett, the trustee, who said, look, here's the beneficial holder. Oh, it's nation's star. Oh, by the way, we're going to file this trustee's deed upon sale in Fannie Mae's name because that's Fannie Mae's procedure. They never want to be on the hook for anything. So, just to pick up, Mr. Fetchman, on Judge Erickson's question about, really gets to the question of who should decide this fraudulent joinder issue, is it your position that we could look at the complaint and decide the fraudulent joinder issue here? Well, I believe you certainly can. I mean, I think in looking at it, it's clear on the face of the facts, the documents that have been produced, literally that whole, really the whole documentary trail regarding this is totally available and visible to be, yes, adjudicated by this court. But let's assume that there is diversity jurisdiction. We then get into the substance of the district court's dismissal for a violation of a local rule. And I understand your opening brief, certainly to be challenging the dismissal of those defendants that did not move to dismiss and instead answered, but how about with respect to the two that did move to dismiss? Because those defendants come in and say, well, you've waived this issue by not addressing this in your opening brief. So, are you, what is your response to that point? Well, I don't think we've waived anything. I think we addressed it. What is your argument as to why the district court found that there was a violation of local rule and dismissed the case? What's your basis for arguing that was erroneous? Well, it's erroneous because the court didn't have jurisdiction to do it. I've been set aside the jurisdictional issue. Well, I apologize, Your Honor. I can't hypothesize on something beyond what the clear facts present. I'm not sure exactly what you're digging, trying to get me to dig out, I apologize. Well, I'm trying to evaluate whether the violation of the local rule justified the dismissal with prejudice as to those two defendants that had moved to dismiss. I am at a loss to respond to that, Your Honor. Let me just help you maybe to focus. Let's assume that there are some inquiries that a district court theoretically should make before an outright dismissal as a result of failure to follow a local rule. Prejudice reasons something. And let's assume that the district court didn't do that. The question is, did you raise that at any point in your briefing? Did you make the argument that the district court didn't do what it should have done before it dismissed for this violation of the local rule? Well, I think yes. I don't think it's clearly stated, but that was the impetus of the argument or the genesis of the argument. I mean, we're looking at a situation where the district court basically foreclosed any kind of view by simply failing to look at the remand and by essentially assuming it had jurisdiction. And I know I keep coming back to that, and perhaps I'm not answering your question the way that you want it to be responded to, and I apologize for that, but I'm not really... Focus on the jurisdiction. Yeah, I think I understand the crux of your question, but I don't think that it was specifically laid out as you're inquiring, but I think it certainly can be read into what we've argued in the opening brief in that, you know, there wasn't diversity. Would you like to save a few minutes for rebuttal, Mr. Freshman? Yeah, the only other thing... I think that's probably the judge to that, and I don't know if there's any issue that the court wants to deal with, but yeah, I would like to save for rebuttal with that. I'll just let you know that I'll be interested in the bankruptcy and Mr. Dishman's ability to bring a lawsuit given the bankruptcy trustee's arguable ownership of the claim. Oh, well, I can address that very quickly. I mean, there were no debts to discharge, no creditors, no claims. When I physically, personally spoke with Richard Whitmore, he considered formal abandon a waste of time, and he abandoned the claims, allowing the case to close. That was his position. He said, there's nothing for us to gain here. So, and as a result of that, any claims by abandoning those, any claims that would have come back or could have come back belong to Mr. Dishman because of that abandonment. So, that's how I deal with this and the BK issue. Thank you. Sure. Okay, let's hear from the appellees. Good morning, Your Honors. May it please the court, Catalina Bowman on behalf of Appellees, NationStar, MERS, and Fannie Mae. I would like to make argument for ten minutes and then pass that over to Cole Pelley's counsel for Bank of America and ReconTrust. Your Honors, this appeal stands from years of litigation surrounding this property, which also related to foreclosure proceedings. So, the historical and procedural background is actually in the record. But just to highlight, the loan was obtained in 2007. Counsel, I think we're familiar with the record. Could you please address specifically the diversity issue? Absolutely, Your Honor. We do argue that the court had jurisdiction, the removal was proper, while the citizenship of Bank of America, NationStar, Fannie Mae, and MERS is not an issue. Two trustees were named. Our position that ReconTrust merged into BANA. Therefore, ReconTrust basically took the citizenship of BANA, which is North Carolina, and the issue remains with Barrett being a fraudulently joined defendant. And this court basically upheld rulings of fraudulent joinder where a defendant presents strong argument that a plaintiff could not possibly prevail on their claim against the allegedly fraudulently joined defendant. What's your best argument for the fraudulent joinder? The best argument is that here, Your Honor, the allegations from the complaint show that they are geared to H-4 violations. They basically state that Barrett violated Sections 2924 and 2924.17, claiming that it recorded documents knowing certain facts that weren't true, yet named NationStar as a beneficiary on the notice of default, as well as the trustees seat upon sale naming Fannie Mae as the foreclosure beneficiary. Now, these duties are within the duties of a trustee. There are two duties that are exhausted. The issue is that this sounds sort of like a merits, you know, a legal argument, but a merits defense. This is not a 12b-6, right? We're talking about a standard that's sort of closer to wholly insubstantial or frivolous, right, for fraudulent joinder. And so what's your argument that it rises to that level? You know, you may ultimately be right in terms of why this case lacks legal merit, but really the only question here is jurisdiction. The standard is lower in assessing that. Right. So basically our argument is that the trustee acted within its duties, and that's obvious from the allegations. There is no malice that is alleged in the complaint, and also the trustee's actions are privileged under Section 2924D as well as Section 47. So there was nothing alleged here that would bring it out of that particular privilege. Well, it's not quite right, as I read the allegations, to say that there's nothing alleged. It may well be that the allegations are without merit, but the allegation is that Barrett knew that North Nation Star was not the beneficiary. If you look at the statute, according to Mr. DeSmit, it very clearly says you have to name the beneficiary. You knew very well it wasn't the beneficiary. You put it down anyway. That constitutes malice. And you cite some cases that aren't from the California Supreme Court. Maybe they are. Maybe they're not in conformance with the statute. But I guess the thing I'm struggling with is, you know, given the procedural posture and what we're supposed to look at here, we can't say that there was nothing alleged. You knew it was wrong. You put it in there anyway. And so you aren't entitled to your immunity. So Barrett, the allegations say that Barrett knew that the beneficial holder of the note, of the loan, was Fannie Mae, which is different from being the beneficial holder under the Data Trust. And that's where the confusion is. So, in other words, Barrett rightfully relied on the documents, namely the assignment of Data Trust from MERS back in 2010 to BAC, who merged into BANAP, and then from BANAP to Nation Star in 2013. But Fannie Mae had no interest. Fannie Mae had interest in the, Fannie Mae was the owner of the loan. So there is no requirement in California for the beneficial holder of the loan to be listed also as the beneficiary of the Data Trust. Yes. If I were to conclude, hypothetically looking at the complaint, that they haven't essentially pled themselves out of this on the face of it through fraudulence or anger, are there other facts that you believe would show that there is fraudulent joinder? In other words, we can't accept those facts here, but I'm trying to understand whether you need further opportunity to develop the record on the factual joinder issue if I were to conclude that the complaint does not on its own suffice to show fraudulent joinder. I'm sorry, do you mean, Your Honor, if it would be remanded back and whether it would do further discovery? The fraudulent joinder question. Right. I mean, we would entertain the opportunity to respond to the remand that, I guess, the motion to remand, which was filed after the case was dismissed. Have you ever responded to that? No, because, Your Honor, the case was actually dismissed. So procedurally, I don't even believe the judge had a chance to look at, pardon me, the motion to remand. Are there facts that you would bring to bear on the Barrett issue? Aside from the fact that, you know, the duties are privileged, and there is nothing really aside from the fact that, you know, plaintiff appellant takes issue with the fact that Fannie Mae is a loan holder as opposed to a beneficial holder of the data trust, which really is irrelevant for the purposes of the nonjudicial foreclosure process. This is how Fannie Mae usually, that's a business practice that they have, which is also listed in their servicing guides. So, you know, we would probably, if we had a chance to oppose that motion, we would show the court that this is a normal business practice. No bogus documents are filed, and there's millions of loans or hundreds of loans, thousands of loans that are handled this way, and there's no prejudice, really, to the borrowers. Can I ask you, Ms. Bowman, let's assume there is diversity jurisdiction. The case is properly in federal court. Why would you think it was proper for the district court to dismiss your clients with prejudice when they hadn't moved to dismiss? Your Honor, the district court has a duty to take a look at five factors before they dismiss any case, and those five factors include whether the public interest has an expeditious resolution of the litigation, that's number one, the court's dockets to manage their own dockets, and the risk of prejudice to defendants, the public policy favoring disposition cases on their merits, and whether there's a less sanction available. And in this case, Bank of America, Recon Trust moved to dismiss. Nation Star, Fannie Mae, and Barrett were in the same position. So in cases where the defendants are similarly situated and the allegations are similar and their defenses are similar, and also from the facts, the record in front of the court shows that there is absolutely no viable way to amend, then the district court has an absolute discretion to basically dismiss the non-moving defendants. Right, but I mean, there's no assessment of any of the points you just mentioned by the district court. Right, because there is actually the last sentence in the order. It says that there are certain things that if the court would have looked at the merits, they would have probably come to the same conclusion. And they list a couple of procedural bars. One of the biggest procedural bars in this case, as you guys had mentioned earlier, is the fact that there is no standing here. Regardless of whether the trustee verbally says something to plaintiffs, it's not enough. The statute requires an actual order abandoning those claims. That never happened here. And this is basically back to the same position where we were when this case was argued before the California Court of Appeal a couple of years ago. And there the court said they don't even believe that the Schmidt would actually go and get the claims abandoned or whether it got the trustee to participate in this litigation. It has not happened. We are still sitting here in the same position as we were two years ago. There is no real party interest here. That is the bankruptcy trustee. So that's the procedural bar. And that definitely gave the court the power to just dismiss, so esponte, the defendants that were not moving. I want to just make sure my colleagues don't have further questions for you, Ms. Bauman. Would that be with prejudice or without prejudice? I mean, if there's a dismissal based on lack of jurisdiction, obviously that's a dismissal without prejudice. The district court here dismissed with prejudice, as I understand it. Yes, and that's also because there are several other issues, including rest of the court arguments we didn't get to discuss and some other. The lack of standing is absolutely a big issue. And I do believe that because they found it was not possible that Mr. DeSchmidt, after seven years, right, he filed his bankruptcy in 2017, that he would go back after all these years, the district court dismissed without leave to amend or without prejudice. The reason for the dismissal was really not the merits. That is a sort of afterthought in this order. The reason was the violation of the local rule, but that essentially has nothing to do with your clients. It's not based on any motion your clients filed. Right. So the court does absolutely have discretion to also dismiss the case with prejudice entirely for violation of a court rule. Even as to defendants that answer, this is the default here. If there was one who was failing to oppose on a timely basis a motion to dismiss, your clients have answered. So I really struggled to see how it was appropriate to just dismiss your clients entirely from the case at that point. Well, there is definitely commonality between the defendants, you know, as a former servicer to a current servicer, a former holder of the data trust to a current holder of the data trust. So the claims and allegations are very similar. And the defenses, in fact, are very similar. Even the claims against the wrongful foreclosure claim and the unjust enrichment, again, we're going back to the lack of standing because they all belong to the bankruptcy. They all are a product of or an offspring of the actual wrongful foreclosure type of allegations. Just not to eat too much into Ms. Farrell's time, but that may all be as it is, but we can't tell that from the district court's order. If the dismissal is based on a failure to comply with the short time frame, so forth, and the Central District of California's local rules, we don't know whether the district court analyzed the merits of what was in there and said you didn't respond. And furthermore, if you had responded, there wouldn't possibly be anything. You could have said it. So, anyway, that's... Just real quick that I'm saying to that, that actually if there's no showing that the district court actually analyzed those five factors that I had mentioned before, then this court absolutely has the right under Ghazali to go ahead and do so. And if it's apparent from the record, we would respectfully request that the dismissal gets affirmed. Okay, thank you. We'll keep Ms. Farrell the same amount of time since we took Ms. Baumann over. And, Ms. Farrell, good morning. Good morning. May I please support Elizabeth Farrell for the defendant in Appalachian Bank of America and recontrast? My plan was to be brief anyway, given that there is some overlap here, particularly with the diversity issue. I would just like to touch on a couple points. I believe Ms. Baumann already corrected this, but recontrast in citizenship should not be an issue when considering the diversity jurisdiction question, given that it did merge with Bank of America. We've cited two cases for the proposition that, under that circumstance, it's the surviving entity's citizenship that the court looks to, and that would be North Carolina, given that... And so, yeah, on Barrett, I mean, are there facts that you believe you would need to put forward to show the fraudulent joinder, if I were to look at the complaint and think that it passes that bar? Are there additional facts that I believe... Because, I mean, looking at... Yeah, right, exactly. I mean, the test here is, you know, close to a frivolous joinder, and if I look at the complaint and I conclude I'm not sure that that standard is met, do you believe that there are other facts you would want to put forward to try to show that, no, in fact, this was a fraudulent joinder? I think there's one additional point I would bring to the court's attention that's actually already in the record, and that is the prior litigation. If the court... As the court is well aware, this is, you know, this kind of lawsuit that the appellant has filed, and in the California State Court, Mr. DeSmit filed a wrongful foreclosure cause of action, but nowhere in that case were either of the foreclosure trustees named as defendant. That case went up on appeal at no point, as far as I can tell from the record, and they're not listed as main parties to the appeal. So Mr. DeSmit did not include them previously, and I think that that suggests that their inclusion now is not necessary and arguably fraudulent. We did also... I don't know about that. I mean, that's, I think, the first time hearing this argument, but that is an argument, but people sue different defendants in different cases. Understood, Your Honor. I just think that the suggestion that he was prepared to move forward in the court could have granted it or, you know, adjudicated his wrongful foreclosure claim without the need for Barrett's involvement previously. I do just also want to bring the court's attention to we did initially argue that Barrett was a nominal party in the court, would have authority to disregard their citizenship. That issue arguably was waived, whether or not they were a dispensable or indispensable party in the opening brief. So I think that that's one additional consideration for why the court... Doesn't the analysis sort of look similar? I mean, doesn't it kind of fall back on a lot of the same questions about the role of Barrett? It does. I do think, though, that under the nominal defendant argument, the court has, I think, more discretion. If the court has concerns about, you know, Rogel and Joyner not being analogous to 12b-6, I do think that there's more discretion under the nominal defendant analysis and consideration. And looking into that privilege is just another point I think I just wanted to highlight for the court. But really what I'd like to do with my remaining time is just bring the court's attention to the fact that Bank of America, as the court has already indicated or acknowledged, Bank of America and Recon Trust, whom I represent, are differently situated with regard to the merits here. They did file that motion to dismiss. Mr. DeSmit billed a timely oppose. And so our position is that the court was well within its authority to grant that motion pursuant to Local Rule 7-12. What was the... What's the effect, in general, of a dismissal under that rule? Does it constitute an acceptance of the arguments that were made in the motion that is granted? Or is it viewed? I'm not talking about just in this case, but in your experience generally, with dismissals based on non-substantive grounds, is it fair then to look back and say that the court accepted all the arguments that were made in the pleading, in the motion papers that were not adequately responded to? How broadly do we rank a dismissal? Local Rule 7-12 indicates that the court has discretion if an opposition is not timely filed to grant the motion and that the failure to timely oppose will be deemed a consent to the granting of the motion. Okay. Because I think that indicates that it's on the merits, essentially. Are there any cases about that? About the scope of the dismissal? Mm-hmm. You get my question that it's really, do we regard this as a procedural hurdle or an adoption of all the arguments that were made from a substantive point of view? And perhaps it's obvious that that doesn't affect your clients as much as the non-voting defendants here, but you're the person I've got. And I apologize. Excuse me. I apologize. I don't believe that we had briefed that particular issue for the court. What was the prejudice to your client of the opposition being filed ten days late? I don't know that there is that we can argue prejudice to our client. I mean, arguably, the court would have been prejudiced by the untimely opposition, and the courts have rules. The Ninth Circuit, in the Ghazali case that we cited, indicated that only in rare cases will the court of appeal question the exercise of discretion in connection with application of local rules. Those local rules exist for a reason, arguably, to give the defendants an adequate opportunity to respond, and also for the court to have an opportunity to have time to review those opposition papers and make a ruling. Ms. Feld, thank you for your argument. Yes, I think the panel has no further questions, it appears, and so we'd like to hear from Mr. Freshman. Thank you very much, Your Honor. I pretty much rely on my earlier arguments regarding the fraudulent chinder. However, Ms. Baumann did say that the duties, well, that its acts, the trustee's acts were privileged, and I just wanted to say that misrepresentation of facts would vitiate privilege. Our allegations are in the pleading stage, Your Honors. A motion to dismiss deals with allegations, whether or not the allegations via evidence are later shown to be false. So we're at the pleading stage, not evidentiary. So I wanted to point that out. And then Ms. Farrell's statement regarding somehow the act of the trustee, who is not diverse, gets the benefit of the merger between B of A, and magically now there's diversity years later, but the act took place earlier. So I think we need to look at the acts at the time they were taken instead of saying, gee, they get this benefit of essentially some kind of merger that happens years later. So in conclusion, Your Honors, the appellant successfully challenged the unlawfully painted action regarding the property it issued, whereby the lower courts granted possession, and that ruling was reversed and remanded. Based on the district court's lack of jurisdiction, i.e. no diversity nor federal question, and erroneous claims regarding fraudulent charter, this matter should also be reversed and remanded back to the district court and ultimately back to the state court where state law matters are properly heard. And I submit at this time. Thank you, Mr. Freshman. And I want to thank all counsel for their arguments and for the briefing. This matter is submitted.
judges: BRESS, MENDOZA, Ericksen